IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL SCOTT, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No. 3:20-cv-02380-G |
| U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK, | § § § § | |
| *Defendant*. | § § | |

**DEFENDANT U.S. NATIONAL BANK ASSOCIATION'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association ("U.S. Bank") respectfully moves this Court for an order dismissing Plaintiff's sole § 1981 claim on the grounds that:

1. Plaintiff has failed to plead sufficient facts to demonstrate he engaged in any activity protected by 42 U.S.C. § 1981.

2. The allegedly retaliatory actions about which plaintiff complains are not sufficiently adverse to support a § 1981 retaliation claim.

3. Plaintiff has failed to plead any facts to causally connect his alleged protected activity to any adverse employment action.

**II.     BACKGROUND**

Plaintiff Paul Scott ("Plaintiff") worked as a Default Management Support Specialist at U.S. Bank until his employment was terminated in May 2018. Unable to accept his lawful,

1

nondiscriminatory and nonretaliatory termination, Plaintiff instituted this meritless action claiming that U.S. Bank subjected him to unlawful retaliation in violation of 42 U.S.C § 1981 after he supposedly participated in a purely internal inquiry. U.S. Bank now moves this Court for an order dismissing Plaintiff's Original Complaint because, as discussed below, it suffers from a fatal flaw—it fails to state a claim on which relief could be granted.

### III.   STANDARD DEMANDING DISMISSAL OF PLAINTIFF'S CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure empowers this Court to eliminate actions that are fatally flawed in their legal premises and destined to fail.  By doing so, the Court spares litigants the burdens of unnecessary pretrial and trial activity.[1]  To ward off dismissal, a plaintiff's complaint must contain a "short and plain statement of the claim showing that [he] is entitled to relief."[2]  This forgiving pleading standard does not require a plaintiff's complaint include "detailed factual allegations;" but, it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  A complaint that contains "'naked assertions' devoid of 'further factual enhancement'" does not satisfy Rule 8(a)(2)'s basic pleading standard and must be dismissed.[4]  Because Plaintiff's Original Complaint fails to meet even this forgiving standard, it must be dismissed.

### IV.   ARGUMENT AND AUTHORITIES DEMANDING DISMISSAL

Plaintiff purports to state a single claim of retaliation, under 42 U.S.C. § 1981, against U.S. Bank.[5] The federal antidiscrimination statute makes it unlawful for individuals to retaliate against

---

[1] *See* FED. R. CIV. P. 12.
[2] *Id.* at 8(a)(2).
[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an 'unadorned, the-defendant-unlawfully harmed me accusation.'").
[4] *See, e.g.*, *Williams v. Global Payment Check Servs.*, Civil Action No. 3:10-CV-0698-L, 2011 U.S. Dist. LEXIS 144401 at *20-21 (N.D. Tex. Dec. 14, 2011)(dismissing plaintiff's complaint that included a legal theory but lacked the factual allegations to support it).
[5] ECF No. 1, pp. 5-6.

others for engaging in certain protected activities.[6] To successfully state a retaliation claim under § 1981 based on events occurring in the workplace, a plaintiff must plead facts showing the existence of three elements: that (1) he engaged in activities protected by § 1981; (2) an adverse employment action followed; and (3) a causal connection exists between the protected activity and the adverse employment action to which he was subjected.[7] Because Plaintiff has failed to plead sufficient facts establishing each of these elements, his retaliation claim fails and must be dismissed.

        A.       **Plaintiff has failed to plead sufficient facts to demonstrate he had engaged in any activity protected by 42 U.S.C. § 1981.**

To make it beyond the pleading stage, an employee claiming to have been retaliated against in violation of 42 U.S.C. § 1981, must plead facts demonstrating he engaged in certain protected activity. Protected activities under § 1981 fall into two broad categories—opposition and participation.[8] An employee has engaged in protected activity when he opposes a practice made unlawful by the federal antidiscrimination statute (the opposition clause) or makes a charge, testifies, assists, or participates in any investigation, hearing or proceeding under § 1981 (the participation clause).[9] Plaintiff does not allege that he personally opposed any conduct.[10] But even if Plaintiff did, the only conduct allegedly opposed—terminating four employees who are African-American—is not a practice made unlawful by Title VII.[11] There is nothing in the federal antidiscrimination statute that prohibits an employer from terminating African-American

---

[6] *See CBOC West, Inc. v. Humphries*, 553 U.S. 442, 446, 456 (2008)(holding that § 1981 encompasses both retaliation and discrimination claims).
[7] *White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*, 947 F.3d 301, 308 (5th Cir. 2020).
[8] *See Reilly v. Capgemini Am., Inc.*, Civil Action No. 3:05-CV-1162-K, 2007 WL 945685 at *5 (N.D. Tex. Mar. 28, 2007)("…[A]n employee engages in protected activity by either opposing a practice made unlawful by the statute ('opposition clause'), or participating in enforcement of the statute ('participation clause').").
[9] *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003)(noting that retaliation claims under § 1981 require proof of the same elements of Title VII retaliation claims to establish liability).
[10] *See* generally ECF No. 1, pp. 2-6.
[11] *See* 42 U.S.C. 2000e-2(a)(outlining employment practices that could give rise to liability under Title VII).

employees or shields African-American employees from termination; rather, the statute prohibits an employer from, among other things, terminating employees *because of* their race.[12]

Instead, Plaintiff's § 1981 claim appears to be based on his participation in an internal inquiry into a complaint—made by someone else.[13] Specifically, Plaintiff alleges that in or around January 2018, he overheard what he believed to be a white manager tell an African-American manager the white manager intended to terminate the employment of four African-American employees.[14] After eavesdropping, Plaintiff apparently shared with one of the identified African-American employees what he had overheard.[15] One of the identified African-American employees complained[16] to human resources; and, upon request, Plaintiff submitted to a human resources professional a written statement regarding what Plaintiff had overheard.[17] But even under the participation clause, these allegations are too weak to support a § 1981 retaliation claim. "[I]nternal employer investigation[s] not connected with a formal…proceeding do[] not qualify as protected activity under the participation clause."[18] And Plaintiff has not pleaded any facts to illustrate that the internal inquiry to which he claimed to have participated was related in any way to any formal proceeding whatsoever. Having failed to allege facts to support the protected activity element of his retaliation claim, it fails and must be dismissed.

### B. The allegedly retaliatory actions about which plaintiff complains are not sufficiently adverse to support a § 1981 retaliation claim.

Even if Plaintiff has pleaded facts to establish the protected activity element of his retaliation claim, which he has not, it still fails because Plaintiff's claim is based on actions not

---

[12] *Id.*
[13] *See* ECF No. 1, p. 3 ¶ 13 ("[Plaintiff] provided a written statement regarding what he overheard.").
[14] *Id.* at p. 2 ¶ 9.
[15] *Id.* at p. 2 ¶ 10.
[16] What, specifically, the other employee complained to human resources about is not clear from Plaintiff's pleadings. *See id.* at p. 3 ¶ 11 ("One of the affected employees…complained to human resources.").
[17] *Id.* at ¶¶ 12-13.
[18] *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 n.2 (5th Cir. 2016).

sufficiently adverse to give rise to liability for retaliation under § 1981. An adverse employment action in the § 1981 context is an action so harmful it could dissuade a reasonable worker from making or supporting a charge of discrimination.[19]

In this case, Plaintiff claims that after providing the aforementioned written statement, U.S. Bank allegedly retaliated against him by, among other things, scrutinizing his work, issuing him a verbal warning for poor performance, assigning him an access badge that did not always properly work, requiring him to attend a refresher course because of his poor production numbers, and removing a posting for a job opening to which Plaintiff had apparently expressed interest in applying.[20] But none of these allegedly retaliatory actions are materially adverse enough to support a retaliation claim brought under § 1981.[21] Instead, these alleged actions are the kind of petty slights and minor annoyances employees regularly encounter in the workplace. And even if the job posting's removal were sufficiently adverse, it would not be retaliatory because, according to Plaintiff, it occurred in or around December 2017—a month *before* he participated in the internal inquiry into his colleague's complaint.[22] Therefore, to the extent Plaintiff's retaliation claim is based on any of these alleged events, it fails and must be dismissed.

### C. Plaintiff has failed to plead any facts to causally connect his alleged protected activity to any adverse employment action.

Notwithstanding the above deficiencies, Plaintiff's retaliation claim still fails because he

---

[19] *Williams v. City of Richardson*, Civil Action No. 3:16-cv-2944-L, 2020 WL 1329150 at *4 (N.D. Tex. Mar. 23, 2020).
[20] ECF No. 1, pp. 3-4 ¶¶ 15-19.
[21] *See, e.g.*, *King v. Louisiana*, 294 F. App'x 77, 85 (5th Cir. 2008)(explaining that verbal reprimands and unfair treatment do not constitute actionable adverse employment actions); *Gallentin v. Hous. Auth.*, 919 F.Supp.2d 787, 807 (E.D. Tex. 2013)("The write-up…which was classified as a verbal warning, cannot satisfy the second prong of a prima facie case of retaliation."); *Obondi v. UT Sw. Med. Ctr.*, Civil Action No. 3:15-CV-2022-B, 2017 WL 2729975 at *14-15 (N.D. Tex. Jun. 23, 2017)(micromanaging employee's work and unsubstantiated performance critiques not sufficiently adverse to support retaliation claim); *Valderaz v. Lubbock County Hosp. Dist.*, 611 F. Appx. 816, 822 (5th Cir. 2015)(requiring an employee to attend training as a result of allegedly false performance reports not an adverse employment action as it would not dissuade a reasonable employee from making a discrimination claim).
[22] *See Allen v. Envirogreen Landscape Professionals, Inc.*, 721 F. App'x 322, 326 (5th Cir. 2017)(alleged workplace retaliation that predated protected activity could not support retaliation claim).

has not pleaded sufficient facts to causally link any protected activity to the alleged adverse actions to which he claims to have been subjected. To causally link one's protected activity to the allegedly adverse employment action, a plaintiff must, at a minimum, allege facts showing the decision maker who committed the adverse employment action was aware of his protected activity.[23] Plaintiff has failed to even do this. Throughout his Original Complaint, Plaintiff accuses Bennie Wyatt of retaliating against him. But nowhere in his Original Complaint does Plaintiff claim to have told Wyatt about his written statement. Nowhere in his Original Complaint does Plaintiff allege that a copy of his written statement was ever provided to Wyatt. And nowhere in his Original Complaint does Plaintiff claim Wyatt was involved in the inquiry during which Plaintiff supposedly provided the written statement. Simply put, there are no allegations in Plaintiff's live pleadings to demonstrate Wyatt—the person Plaintiff says is responsible[24] for the allegedly adverse employment actions—was ever aware of Plaintiff's written statement. Where, as here, the decision maker "is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct."[25] Because Plaintiff has failed to plead these essential facts, there can be no causal connection between the allegedly protected activity and any adverse employment action taken by U.S. Bank.

## V.    CONCLUSION

Even viewing Plaintiff's Original Complaint in a light most favorable to Plaintiff it is clear he has failed to pleaded sufficient facts on all of the elements of a plausible § 1981 retaliation

---

[23] *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 884 (5th Cir. 2003).
[24] *See* ECF No. 1, p. 3, 5 ¶¶ 15-17, 27.
[25] *Ackel v. Nat'l Commc'ns., Inc.*, 339 F.3d 376, 385 (5th Cir. 2003); *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002)(reaffirming the longstanding principle that when determining whether an adverse employment action was retaliatory, courts must focus on the final decision maker).

claim. Without protected activity, sufficiently adverse employment action, and a causal link between the two, there can be no retaliation. Plaintiff's failure to plead facts establishing these essential elements makes his complaint ripe for dismissal.

Respectfully submitted,

/s/ *Jennifer A. Youpa*
Jennifer A. Youpa
Texas State Bar No. 01383400
Brittaney N. Davis
Texas State Bar No. 24093760

LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Fax)
jyoupa@littler.com
bndavis@littler.com

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, I served the foregoing document on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Jane Legler
Christine Neill
Kyla Gail Cole
NEILL LEGLER COLE PLLC
3141 Hood Street, Suite 200
Dallas, Texas 75219
Telephone: 214-748-7777
christine@nlcemploymentlaw.com
jane@nlcemploymentlaw.com
kyla@nlcemploymentlaw.com

/s/ *Jennifer A. Youpa*
Jennifer A. Youpa